IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                    ORDER

Plaintiff,

                              3:07-cr-00114-bbc

     v.

MARK BERGMANN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is before the court on defendant's motion for reconsideration of yesterday's oral ruling that the sentencing would not be continued for 30 days to allow defendant to have a psychological assessment of his propensity to re-offend. The motion will be denied.

When I first agreed to continue the hearing, I did so in the belief that the government had agreed to the continuance. In fact, it had not, but that was not because of any lack of effort by defendant's counsel to obtain the government's agreement. Rather, it because the government was unwilling to agree because it knew that defendant's daughter wanted to attend the sentencing if she could obtain leave from her military assignment overseas and it was unable to find out until early December 17, whether she would be able to be present. The government views the daughter as an indirect victim and believed she should be present

1

for the sentencing if that was her choice.

In granting the continuance on December 14, I did so reluctantly, considering it highly unlikely that a psychological evaluation of defendant would add any significant weight to the determination of defendant's sentence.  Given defendant's daughter's desire to attend the hearing and the difficulty of her doing so on another occasion, I see no reason to postpone the sentencing.

Defendant argues that in deciding whether defendant should have a guidelines sentence it is critical for the court to know the psychologist's evaluation of defendant's risk for recidivism, the likelihood of his response to treatment for pedophilia and the chances of his success on supervised release.  If defendant were an adolescent or even a young man in his early twenties, this argument might have some persuasive effect.  Now that defendant is almost 40, however, the questions that defendant wants the psychologist to evaluate have been answered:  by defendant's own actions and his criminal history.  Defendant has two prior convictions for sexual assault of a child and he has admitted to a third assault of a two-year-old child for which he was never charged.  He was put on probation for both assault convictions and had an opportunity to engage in sex offender treatment, yet despite that treatment, he remains in thrall to violent and sadistic child pornography.

Against this backdrop of defendant's own choices and acts, no prediction by a psychologist would hold much sway, no matter how experienced, qualified or perceptive the

2

psychologist might be.  It is not necessary to predict how defendant acts when given the

opportunity for probation.  His history shows that he commits additional crimes.


                                          ORDER

       In light of the extensive information already available to the court, it is unnecessary

to continue defendant Mark Bergmann's sentencing to obtain a psychological evaluation.

Therefore, the motion for reconsideration is DENIED.

       Entered this 18th day of December, 2007.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge